UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:15-CV-24549-JLK

AISNEL DURAN and all others
similarly situated under 29 U.S.C. 216(b),

Plaintiff,

vs.

INTERMARK FOODS, INC. a/k/a
INTERMARK MARKETING SERVICES, INC.,
MARIA EPRES IBANEZ

Defendants.

_____/

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, INTERMARK FOODS, INC., a/k/a INTERMARK MARKETING

SERVICES, INC. ("Intermark"), and MARIA EPRES IBANEZ ("Ibanez") (collectively the

"Defendants"), hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint as

follows:

**ANSWER**

1.     Defendants admit that this purports to be an action by Plaintiff pursuant to the

Fair Labor Standards Act ("FLSA") but deny that Plaintiff is entitled to any relief thereunder.

2.     Defendants are without knowledge as to the residence of Plaintiff.

3.     Defendants admit that Intermark is a Florida corporation with its principal place

of business in Miami-Dade County, Florida.   Defendants deny the remaining allegations

contained in paragraph 3 of the Complaint and demand strict proof thereof.

1

4.      Defendants admit that the individual Defendant is a corporate officer of Intermark.  Defendants deny the remaining allegations of paragraph 4 of the Complaint and demand strict proof thereof.

5.      Defendants deny the allegations contained in paragraph 5 of the Complaint   and demand strict proof thereof.

## COUNT I

6.       Defendants deny the allegations contained in paragraph 6 of the Complaint and demand strict proof thereof.

7.       The allegations contained in Paragraph 7 of the Complaint amount to a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 7 of the Complaint and demand strict proof thereof.

8.      The allegations contained in Paragraph 8 of the Complaint amount to a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 8 of the Complaint and demand strict proof thereof.

9.      Defendants admit that Plaintiff was a truck driver who was/is exempt from the provisions of the FLSA.  Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint and demand strict proof thereof.

10.     The allegations contained in Paragraph 10 of the Complaint amount to a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 10 of the Complaint and demand strict proof thereof.

11. The allegations contained in Paragraph 11 of the Complaint amount to a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants admit the allegations of paragraph 12 of the Complaint.

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants deny the allegations of paragraph 14 of the Complaint and demand strict proof thereof.

15. Defendants deny the allegations of paragraph 15 of the Complaint and demand strict proof thereof.

16. Any allegations not specifically admitted herein are hereby denied and Defendants demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for compensation or any other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the ground that, in the event that violations of the FLSA did occur, which Defendants deny, Defendants' policy/practice at all times material required overtime payments for all hours worked in excess of forty during any given work week by non-exempt employees. Defendants' actions at all material times were

taken in good faith, and were neither willful nor reckless.  As such, Plaintiff's claims for damages for any period of time of more than two years prior to the date of the commencement of this action are barred by the appropriate statute of limitations.

### Third Affirmative Defense

Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for liquidated damages where the alleged act or omission complained of was in good faith and Defendants had reasonable grounds for believing that the alleged act or omission was not a violation of the FLSA and Defendants further deny that there were any violations of the FLSA.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the ground that, in the event that violations of the FLSA did occur, which Defendants deny, Defendants' actions were taken in good faith, and were neither willful nor reckless.

### Fifth Affirmative Defense

Plaintiff's Complaint relating to claims which occurred prior to two years before the commencement of this action are barred by the applicable statute of limitations.

### Sixth Affirmative Defense

Plaintiff has been compensated for all hours worked.  To the extent any time was uncompensated, which Defendants deny, such periods of inactivity were not part of Plaintiff's principal activity, and not an integral part of the job, and as such are not properly counted as working time.

### Seventh Affirmative Defense

Plaintiff was employed by Defendants as a truck driver and was exempt from the

overtime provisions of the FLSA pursuant to the Motor Carrier exemption, 29 U.S.C. §213(b)(1).

### Eighth Affirmative Defense

In the event that it is determined that the FLSA applies and that some hours of work were

not properly paid (which is specifically denied), then such amount was negligible and hence was

*de minimis*; and the Court should not give cognizance to the amount and should deny any

recovery for such claim.

### Ninth Affirmative Defense

The purported claim in the Complaint is barred because the named Plaintiff lacks

standing to represent the purported collective action members.

### Tenth Affirmative Defense

Plaintiff has failed to sufficiently allege or identify other similarly situated

employees or otherwise sufficiently allege the prerequisites of an "opt-in" action under 29 U.S.C.

§216(b).

### Eleventh Affirmative Defense

For the claim asserted, individual issues of fact or law predominate over common issues.

### Twelfth Affirmative Defense

Plaintiff is not an adequate representative of those individuals he purports to represent.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to maintain this lawsuit as a collective action.  Plaintiff

cannot satisfy the numerosity, commonality, typicality and/or the adequate representative

standards and/or requirements necessary for this case to proceed as an opt-in class action.

### Fourteenth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrines of setoff, offset and/or recoupment, including offsets for additional compensation received by Plaintiff.

Defendants reserve the right to add other defenses based on facts learned through discovery.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via email and via cm/ecf receipt to J. H. Zidell, Esq., J.H. Zidell P.A., at  zabogado@aol.com, Counsel for Plaintiff on this 4th day of January 2016**.**

Respectfully submitted,

DANZ & KRONENGOLD, P.L.
Counsel for Defendants
10620 Griffin Road, Suite 201
Cooper City, FL 33328
Telephone:  (954) 530-9245
Facsimile:   (954) 616-5738

By:    /s/ Alan D. Danz_____
       Alan D. Danz
       Florida Bar No. 948934
       danz@danzlaw.net
       Amy L. Kronengold
       Florida Bar No. 899021
       kronengold@danzlaw.net