UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:15-CV-24549-JLK

AISNEL DURAN and all others
similarly situated under 29 U.S.C. 216(b),

Plaintiff,

vs.

INTERMARK FOODS, INC. a/k/a
INTERMARK MARKETING SERVICES, INC.,
MARIA EPRES IBANEZ

Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendants, Intermark Foods, Inc. a/k/a Intermark Marketing Services, Inc. ("Intermark"), and Maria Epres Ibanez ("Ibanez") (collectively the "Defendants"), respond to Plaintiff, Aisnel Duran's, Statement of Claim as follows:

1. Plaintiff filed his Complaint against Defendants on December 10, 2015 [DE 1], and served Plaintiff's Statement of Claim on Defendants on January 4, 2016 [DE 9]. Defendants deny the Statement of Claim in its entirety based upon the following:

2. First, Defendants deny the Statement of Claim in its entirety based on the fact that Plaintiff's Complaint fails to state a claim for a willful violation such that a three-year statute of limitations would apply. Defendants relied on the motor carrier exemption and the advice of former counsel with respect to the appropriate application of said exemption. In the event that violations of the FLSA did occur, which Defendants deny, Defendants' policy/practice at all times material required overtime payments for all hours worked in excess of forty during any

given work week by non-exempt employees. In short, Defendants' actions at all material times were taken in good faith, and were neither willful nor reckless.

3. Second, Defendants deny Plaintiff's Statement of Claim in its entirety, based upon the fact that Plaintiff has been compensated for all hours worked in accordance with the provisions of the Fair Labor Standards Act. Plaintiff received additional compensation for extra routes to compensate him for additional work time. These amounts compensated Plaintiff for any alleged overtime, or at least as a setoff against any monies owed to Plaintiff.

4. Finally, Plaintiff, a truck driver, was exempt from the overtime provisions of the FLSA under the motor carrier exemption, 29 U.S.C. §213 and 49 U.S.C. §31502. Even assuming that the exemption is found not to apply in the instant action, Defendants relied on this exemption on the advice of counsel such that liquidated damages and the three (3) year statute of limitations are inapplicable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via cm/ecf receipt to J. H. Zidell, Esq., J.H. Zidell P.A., at zabogado@aol.com, Counsel for Plaintiff on this 19th day of January 2016.

Respectfully submitted,

DANZ & KRONENGOLD, P.L.
Counsel for Defendants
10620 Griffin Road, Suite 201
Cooper City, FL 33328
Telephone: (954) 530-9245
Facsimile: (954) 616-5738
By:    /s/ Alan D. Danz_____
       Alan D. Danz
       Florida Bar No. 948934
       danz@danzlaw.net
       Amy L. Kronengold
       Florida Bar No. 899021
       kronengold@danzlaw.net