UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-24549-CIV-JLK

AISNEL DURAN, RAMIRO ROSETE,           )
ROLANDO E GONZALEZ, and all others     )
similarly situated under 29 U.S.C. 216(b), )
                                        )
        Plaintiff,                    )
  vs.                                  )
                                        )
INTERMARK FOODS, INC. a/k/a            )
INTERMARK MARKETING SERVICES,          )
INC.,                                   )
MARIA EPRES IBANEZ,                    )
                                        )
        Defendants.                   )
_____)

## SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATION

    Plaintiffs, AISNEL DURAN, RAMIRO ROSETE, and ROLANDO E GONZALEZ, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Second Amended Complaint against Defendants, INTERMARK FOODS, INC. a/k/a INTERMARK MARKETING SERVICES, INC., and MARIA EPRES IBANEZ, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant INTERMARK FOODS, INC. a/k/a INTERMARK MARKETING SERVICES, INC., is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant MARIA EPRES IBANEZ is a corporate officer and/or owner

and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff AISNEL DURAN worked for Defendants as a route delivery driver from on or about April 6, 2008 through the present and ongoing.

10. Plaintiff RAMIRO ROSETE worked for Defendants as a route delivery driver from on or about the year 2010 through on or about June 17, 2015.

11. Plaintiff ROLANDO E GONZALEZ worked for Defendants as a route delivery driver from

on or about May 15, 2009 through on or about November 14, 2014.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2011, 2012, 2013, through 2014.

15. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

16. Between the period of on or about April 6, 2008 through the present and ongoing, Plaintiff AISNEL DURAN worked an average of 55 hours a week for Defendants and was paid an average of $12.72 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore

claims the half time overtime rate for each hour worked above 40 in a week.

17. Between the period of on or about on or about the year 2010 through on or about June 17, 2015, Plaintiff RAMIRO ROSETE worked an average of 67.5 hours a week for Defendants and was paid an average of $10.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

18. Between the period of on or about May 15, 2009 through on or about November 14, 2014, Plaintiff ROLANDO E GONZALEZ worked an average of 75 hours a week for Defendants and was paid an average of $9.33 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

19. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court

costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

> Respectfully Submitted,
>
> J.H. Zidell, Esq.
> J.H. Zidell, P.A.
> Attorney For Plaintiff
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> Email: ZABOGADO@AOL.COM
>
> By:__/s/ J.H. Zidell_____
>       J.H. Zidell, Esq.
> Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 3/4/16 TO:**

**ALAN DAVID DANZ, ESQ.**
**DANZ & KRONENGOLD, PL**
**10620 GRIFFIN ROAD, SUITE 201**
**COOPER CITY, FL 33328**
**PH: 954-530-9245**
**FAX: 954-616-5738**
**EMAIL: DANZ@DANZLAW.NET**