UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:15-CV-24549-JLK

AISNEL DURAN, RAMIRO ROSETE, and
all others similarly situated under 29 U.S.C. 216(b),

Plaintiffs,

vs.

INTERMARK FOODS, INC. a/k/a
INTERMARK MARKETING SERVICES, INC.,
MARIA EPRES IBANEZ

Defendants.
_____/

## DEFENDANTS' ANSWER
## AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendants, INTERMARK FOODS, INC., a/k/a INTERMARK MARKETING SERVICES, INC. ("Intermark"), and MARIA EPRES IBANEZ ("Ibanez") (collectively the "Defendants"), hereby file their Answer and Affirmative Defenses to the Second Amended Complaint as follows:

## ANSWER

1. Defendants admit that this purports to be an action by Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA") but deny that Plaintiffs are entitled to any relief thereunder.

2. Defendants are without knowledge as to the residence of Plaintiffs.

3. Defendants admit that Intermark is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Defendants deny the remaining allegations contained in paragraph 3 of the Second Amended Complaint and demand strict proof thereof.

1

4. Defendants admit that the individual Defendant is a corporate officer of Intermark. Defendants deny the remaining allegations of paragraph 4 of the Second Amended Complaint and demand strict proof thereof.

5. Defendants deny the allegations contained in paragraph 5 of the Second Amended Complaint and demand strict proof thereof.

## COUNT I

6. Defendants deny the allegations contained in paragraph 6 of the Second Amended Complaint and demand strict proof thereof.

7. The allegations contained in Paragraph 7 of the Second Amended Complaint amount to a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 7 of the Second Amended Complaint and demand strict proof thereof.

8. The allegations contained in Paragraph 8 of the Second Amended Complaint amount to a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 8 of the Second Amended Complaint and demand strict proof thereof.

9. Defendants admit that Plaintiff Duran was a truck driver who was/is exempt from the provisions of the FLSA. Defendants deny the remaining allegations contained in Paragraph 9 of the Second Amended Complaint and demand strict proof thereof.

10. Defendants admit that Plaintiff Rosete was a truck driver who was/is exempt from the provisions of the FLSA. Defendants deny the remaining allegations contained in Paragraph 10 of the Second Amended Complaint and demand strict proof thereof.

11. Defendants admit that Plaintiff Gonzalez was a truck driver who was/is exempt from the provisions of the FLSA. Defendants deny the remaining allegations contained in Paragraph 11 of the Second Amended Complaint and demand strict proof thereof.

12. The allegations contained in Paragraph 12 of the Second Amended Complaint amount to a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 12 of the Second Amended Complaint and demand strict proof thereof.

13. The allegations contained in Paragraph 13 of the Second Amended Complaint amount to a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 13 of the Second Amended Complaint and demand strict proof thereof.

14. Defendants admit the allegations of paragraph 14 of the Second Amended Complaint.

15. Defendants admit the allegations of paragraph 15 of the Second Amended Complaint.

16. Defendants deny the allegations of paragraph 16 of the Second Amended Complaint and demand strict proof thereof.

17. Defendants deny the allegations of paragraph 17 of the Second Amended Complaint and demand strict proof thereof.

18. Defendants deny the allegations of paragraph 18 of the Second Amended Complaint and demand strict proof thereof.

19. Defendants deny the allegations of paragraph 19 of the Second Amended Complaint and demand strict proof thereof.

20. Defendants deny that Plaintiffs are entitled to the relief sought in the "Wherefore" section of the Second Amended Complaint.

21. Any allegations not specifically admitted herein are hereby denied and Defendants demand strict proof thereof.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiffs' Second Amended Complaint fails to set forth facts sufficient to constitute a claim for compensation or any other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

**Second Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, on the ground that, in the event that violations of the FLSA did occur, which Defendants deny, Defendants' policy/practice at all times material required overtime payments for all hours worked in excess of forty during any given work week by non-exempt employees. Defendants' actions at all material times were taken in good faith, and were neither willful nor reckless. As such, Plaintiffs' claims for damages for any period of time of more than two years prior to the date of the commencement of this action are barred by the appropriate statute of limitations.

**Third Affirmative Defense**

Plaintiffs' Second Amended Complaint fails to set forth facts sufficient to constitute a claim for liquidated damages where the alleged act or omission complained of was in good faith and Defendants had reasonable grounds for believing that the alleged act or omission was not a violation of the FLSA and Defendants further deny that there were any violations of the FLSA.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, on the ground that, in the event that violations of the FLSA did occur, which Defendants deny, Defendants' actions were taken in good faith, and were neither willful nor reckless.

**Fifth Affirmative Defense**

Plaintiffs' Second Amended Complaint relating to claims which occurred prior to two years before the commencement of this action are barred by the applicable statute of limitations.

**Sixth Affirmative Defense**

Plaintiffs have been compensated for all hours worked.  To the extent any time was uncompensated, which Defendants deny, such periods of inactivity were not part of Plaintiffs' principal activity, and not an integral part of the job, and as such are not properly counted as working time.

**Seventh Affirmative Defense**

Plaintiffs were employed by Defendants as truck drivers and were exempt from the overtime provisions of the FLSA pursuant to the Motor Carrier exemption, 29 U.S.C. §213(b)(1).

**Eighth Affirmative Defense**

In the event that it is determined that the FLSA applies and that some hours of work were not properly paid (which is specifically denied), then such amount was negligible and hence was *de minimis*; and the Court should not give cognizance to the amount and should deny any recovery for such claim.

**Ninth Affirmative Defense**

The purported claim in the Second Amended Complaint is barred because the named Plaintiffs lack standing to represent the purported collective action members.

**Tenth Affirmative Defense**

Plaintiffs have failed to sufficiently allege or identify other similarly situated employees or otherwise sufficiently allege the prerequisites of an "opt-in" action under 29 U.S.C. §216(b).

**Eleventh Affirmative Defense**

For the claim asserted, individual issues of fact or law predominate over common issues.

**Twelfth Affirmative Defense**

Plaintiffs are not an adequate representative of those individuals he purports to represent.

**Thirteenth Affirmative Defense**

Plaintiffs are not entitled to maintain this lawsuit as a collective action.  Plaintiffs cannot satisfy the numerosity, commonality, typicality and/or the adequate representative standards and/or requirements necessary for this case to proceed as an opt-in class action.

**Fourteenth Affirmative Defense**

Plaintiffs' claims may be barred in whole or in part by the doctrines of setoff, offset and/or recoupment, including offsets for additional compensation received by Plaintiffs.

Defendants reserve the right to add other defenses based on facts learned through discovery.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via email and via cm/ecf receipt to J. H. Zidell, Esq., J.H. Zidell P.A., at zabogado@aol.com, Counsel for Plaintiffs on this 14th day of March 2016**.**

        Respectfully submitted,

        DANZ & KRONENGOLD, P.L.
        Counsel for Defendants
        10620 Griffin Road, Suite 201
        Cooper City, FL 33328
        Telephone:  (954) 530-9245
        Facsimile:   (954) 616-5738

        By:    /s/ Alan D. Danz_____
                Alan D. Danz
                Florida Bar No. 948934
                danz@danzlaw.net
                Amy L. Kronengold
                Florida Bar No. 899021
                kronengold@danzlaw.net