UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:15-CV-24549-JLK

AISNEL DURAN, RAMIRO ROSETE,
ROLANDO E. GONZALEZ, ALFREDO GOUIRRIE-BLANCO,
and all others similarly situated under 29 U.S.C. 216(b),

Plaintiffs,

vs.

INTERMARK FOODS, INC. a/k/a
INTERMARK MARKETING SERVICES, INC.,
MARIA EPRES IBANEZ

Defendants.
_______________________________________________/

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, INTERMARK FOODS, INC., a/k/a INTERMARK MARKETING SERVICES, INC., and MARIA EPRES IBANEZ (collectively the "Defendants" or "Intermark"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Southern District of Florida, hereby file their Motion for Summary Final Judgment with Incorporated Memorandum of Law. Pursuant to Local Rule 56.1, Defendants have herewith submitted their Concise Statement of Undisputed Material Facts in Support of Motion for Summary Judgment (cited in this Motion as "SOF at ¶ _").

## I. INTRODUCTION

1. Plaintiff, AISNEL DURAN, ("Duran") a former truck driver for Defendants filed his initial Complaint on December 10, 2015 [DE 1]. The Complaint was brought against the

Defendants under the Fair Labor Standards Act ("FLSA" or the "Act"), 29 *USC* 216 *et seq*., alleging that Defendants failed to pay him and others similarly situated overtime compensation in violation of the FLSA.

2. Duran amended his Complaint to add a second truck driver as a party- plaintiff, RAMIRO ROSETE ("Rosete"), to the action on February 12, 2016 [DE 22], and filed a Second Amended Complaint adding a third driver, ROLANDO GONZALEZ ("Gonzalez"), on March 4, 2016 [DE 27]. Duran moved to add a fourth truck driver, ALFREDO GOUIRRIE-BLANCO ("Blanco"), and following Court approval a Third Amended Complaint was filed in this case [DE 34].

3. This Motion for Summary Judgment is directed at the Third Amended Complaint, which as the initial pleading alleges overtime violations by Defendants.

4. Judgment in favor of Intermark is appropriate: Plaintiffs are not entitled to overtime compensation because the FLSA exempts them from those provisions under Section 3102 of the Motor Carrier Act of 1935. *See* 29 *USC* 213(b) (1).

5. The undisputed facts here provide sufficient evidence for finding as a matter of law both that Intermark was subject to the Secretary of Transportation's jurisdiction under the Motor Carrier Act, and that the activities of its' employees (including Plaintiffs) also fell under the same jurisdiction.

6. This issue is properly decided on a Motion for Summary Judgment, where the factual question of how these Plaintiffs spent their time is undisputed, and the question of "whether those particular activities exclude [them] from the overtime benefits of the FLSA is a question of law." *Morrison v. Quality Transports Service, Inc.*, 474 *F.Supp.2d* 1303, 1308 (S.D. Fla. 2007) (internal citations omitted).

7. For the above reasons and as further discussed below, Defendants respectfully request this Court enter final summary judgment in their favor and for all such further relief as justice so requires.

## II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." *Spano v. Satz*, 2011 WL 1303147 at *4 (S.D. Fla. 2011). The Court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986) (emphasis in original).

Once a party demonstrates the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The evidence must be significantly probative to support the claims, *See Anderson*, 477 U.S. at 248-49 (1986), and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th

Cir.1990). And significantly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson* at 248.

**III. INTERMARK IS ENTITLED TO SUMMARY JUDGMENT**

The FLSA requires that an employer compensate employees for hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 *USC* 207(a) (1). The FLSA's motor carrier exemption relieves employers from the Act's overtime requirements with regard to certain employees. Specifically, section 213(b)(1) of the FLSA provides an overtime exemption for employees who are within the authority of the Secretary of Transportation (the "Secretary") to establish qualifications and maximum hours of service pursuant to the Motor Carrier Act of 1935 ("MCA"). 42 *USC* 31502(b)(2). The 13(b)(1) overtime exemption applies to employees who are:

- employed by a carrier whose transportation of property or passengers by motor vehicle is subject to the Secretary's jurisdiction under section 3102 the MCA ("Prong One"); and
- engaged in activities that directly affect the safety of operation of motor vehicles in transportation on public highways in interstate commerce ("Prong Two").

*See* 29 *CFR* 782.2(a) (exemption depends on both the class to which the employer belongs and on the class of work involved in the employee's job). The undisputed facts here provide sufficient evidence for finding as a matter of law both that Intermark was subject to the Secretary's jurisdiction under the MCA and that the activities of its' employees (including Plaintiffs) also fell under the Secretary's MCA jurisdiction.

### A. <u>Prong One</u>

Plaintiffs were employed by a carrier that is subject to the jurisdiction of the Secretary. The undisputed facts establish that the Secretary has the power to exercise jurisdiction over Intermark, as one, a motor carrier transporting property, two, in interstate commerce. *See* 49 *USC* 13501 (1)(A). First, Intermark is a "motor private carrier" under the MCA. *See* 42 *USC* 13102(15). It is undisputed that the business of Intermark is to transport property, as the owner of the property being transported, for sale. SOF at ¶ 2. And, it is undisputed that Intermark transports such property through the use of trucks which meet the definition of "commercial motor vehicles" under the MCA, having a gross vehicle weight of at least 10,001 pounds. 42 *USC* 31132(1). SOF at ¶ 4. Indeed, each truck regularly driven by the Plaintiffs were refrigerated and weighed 26,000 pounds. *Id.*

Second, the undisputed facts establish that the products being transported for sale by Intermark were transported in interstate commerce; including but not limited to the following:

- Intermark obtains inventory (i.e., pre-packaged food) from out-of-state suppliers;
- Intermark's food products which were purchased from its out-of-state vendors were destined for and delivered to particular customers of Intermark's such as supermarkets and grocery stores, including but not limited to, Publix, Winn-Dixie, Sedanos and Presidente;
- The food product (most of which were perishable and usually of a reasonably short shelf-life) purchased from all of Intermark vendors were pre-packaged by Intermark's out-of-state vendors and not modified by Intermark when they reached Intermark's warehouse;

- Intermark's warehouse acts as a temporary storage facility or hub and is used to facilitate the distribution of pre-packaged and non-modified food products purchased primarily from out-of-state manufacturers and producers;
- Intermark trucks were driven on public streets and highways, including but not limited to Interstate 95, Interstate 75 and the Palmetto Expressway; and
- In the course of delivering products, Intermark's drivers, including the Plaintiffs, regularly picked up food product, such as pre-packaged cheese and carried them to the Intermark warehouse hub for further shipment to destinations outside the State. SOF at ¶ ¶ 5-10, and 12.

Furthermore, involvement in interstate commerce includes an employer as Intermark that holds itself out as an interstate carrier and solicits that interstate business (*see* SOF at ¶ 11), "even though its prospect of obtaining such business is poor and some of its drivers never drive in interstate commerce." *Morrison*, 474 F.Supp.2d at 1309; *Rossi v. Associated Limousine Servs. Inc.*, 438 F.Supp.2d 1354, 1361 (S.D. Fla. 2006). Indeed, Intermark marketed its services to businesses located in Marietta, Georgia; Indian Trail, North Carolina; Newark, New Jersey; and Fairfield, California. SOF at ¶ 11. This Court in both *Morrison* and *Rossi* found that the Secretary has the requisite jurisdiction for the exemption if the company engages in even a minor involvement with interstate commerce. *Id.*

### B. <u>Prong Two</u>

Plaintiffs were engaged in activities which meet the overtime exemption as well. First, it is undisputed that each Plaintiff performed the duties of a "driver" for Intermark; specifically, activities recognized as satisfying the exemption. SOF at ¶ 2- 4. *See* 29 *CFR* 782.2(b)(2). Second, each Plaintiff either regularly or from time to time performed "safety affecting

activities", such as driving their trucks on highways and thus affecting safety. SOF at ¶ 12. And under the exemption, employees as Plaintiffs who worked as drivers meet this duties requirement regardless of the proportion of their "safety affecting activities". 29 *CFR* 782.2(b)(2).

The undisputed facts on the only remaining issue, whether Plaintiffs transported property in interstate commerce, support the exemption here. As established above, the business of Intermark and the duties of these Plaintiffs involves interstate commerce:

- Plaintiffs drove Intermark trucks on public, interstate streets and highways, including but not limited to Interstate 95, Interstate 75 and the Palmetto Expressway;
- Plaintiffs moved and delivered interstate product purchased by Intermark and Intermark customers (including pre-packaged unadulterated food product); and
- In the course of delivering these products, the Plaintiffs regularly picked up food product, such as pre-packaged cheese and carried them to the Intermark warehouse for further shipment to destinations outside the State. SOF at ¶ ¶ 5-10, and 12.

### C. <u>**Interstate Commerce of Intermark's Food Products**</u>

Even assuming, for purposes of this Motion, that Intermark's (and that of these Plaintiffs) transport of products was only within the State of Florida, the Motor Carrier exemption still applies. *See Mena v. McArthur Dairy, LLC*, 352 Fed.Appx. 303 (11th Cir. 2009). Intermark's transport was merely one leg of a route to and/or from out-of-state destinations: being transported by Intermark within the State of Florida in the "practical continuity of movement" in the flow of interstate commerce. *See* 29 *CRF* 782.2; *Chao v. First Class Coach Co*., 214 *F.Supp.2d* 1263, 1271 (M.D. Fla. 2001) (motor carrier operates in interstate commerce if it can show that it operated in the "continuous stream of interstate commerce").

In a case with strikingly similar facts, the Eleventh Circuit in *Mena v. McArthur Dairy, LLC*, 352 Fed.Appx. 303 (11th Cir. 2009) affirmed the district court's grant of summary judgment in the employer's favor based on the Motor Carrier exemption. The plaintiff in *McArthur Dairy* argued that he was entitled to unpaid overtime pay since his primary responsibilities were delivering products to McArthur's customers *in Florida*, thereby according to him, taking him outside the Motor Carrier exemption. *Id.* at 305. The district court, however, disagreed and held the Motor Carrier exemption applied, even in the face of the undisputed facts that the plaintiff's job activities took place "wholly within the state of Florida." The court reasoned that "purely intrastate transportation can constitute a part of interstate commerce if it is part of a 'continuous stream of interstate travel'". *Id.* at 306.

As in this case, the goods being transported in *McArthur Dairy* were manufactured in other states and were pre-packaged and not modified once they reached McArthur's warehouse in Florida. The McArthur court found that the warehouse in Florida was "nothing more than a temporary storage hub used to facilitate the orderly distribution of products through interstate commerce." *Id.* at 307.

The undisputed facts place this case squarely within the holding of *McArthur Dairy*. The products being transported by Intermark, as in McArthur Dairy, were primarily dairy and other refrigerated food products to its customers that were perishable and usually of a reasonably short shelf-life. These products were pre-packaged by Intermark's out-of-state vendors and not modified by Intermark when they reached Intermark's warehouse. Indeed, Intermark's warehouse, as that in *McArthur Dairy*, was "nothing more than a temporary storage hub used to facilitate the orderly distribution of products through interstate commerce." SOF at ¶ 7-10. The Plaintiffs here, as in McArthur Dairy, were responsible for delivering product which was pre-

packaged out of state, unchanged prior to delivery within the state of Florida, and routinely picked up again to be sent back and returned out of the state of Florida. *Id.*

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court enter Final Summary Judgment in Defendants' favor as set forth herein, and grant such further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via the cm/ecf filing portal to J. H. Zidell, Esq., and Rivkah Jaff, Esq., of J.H. Zidell P.A., Counsel for Plaintiffs on this 7th day of December 2016**.**

Respectfully submitted,

DANZ & KRONENGOLD, P.L.
Counsel for Defendants
10620 Griffin Road, Suite 201
Cooper City, Florida 33328
Telephone: (954) 530-9245
Facsimile: (954) 616-5738
By: /s/ Alan D. Danz
Alan D. Danz
Florida Bar No. 948934
Amy L. Kronengold
Florida Bar No. 899021
kronengold@danzlaw.net