UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:15-CV-24549-JLK

AISNEL DURAN, RAMIRO ROSETE,
ROLANDO E. GONZALEZ, ALFREDO GOUIRRIE-BLANCO,
and all others similarly situated under 29 U.S.C. 216(b),

Plaintiffs,

vs.

INTERMARK FOODS, INC. a/k/a
INTERMARK MARKETING SERVICES, INC.,
MARIA EPRES IBANEZ

Defendants.
_______________________________________________/

**AFFIDAVIT OF MARIA IBANEZ**

STATE OF FLORIDA )
) ss:
COUNTY OF BROWARD )

BEFORE ME, the undersigned authority, this date personally appeared Maria Ibanez, who upon first being duly sworn, deposes and says:

1. My name is Maria Ibanez and I am the named individual Defendant in this lawsuit and President of the Corporate Defendant.
2. This affidavit is based upon personal knowledge, and is being filed in support of Defendants' Motion for Summary Final Judgment.
3. The business of Defendant, Intermark Foods, Inc.'s ("Intermark") is to transport property, as the owner of the property being transported, for sale.
4. Each of the Plaintiffs in this case were truck drivers, driving route delivery trucks for Intermark.

5. Each of the trucks regularly driven by the Plaintiffs weighed in excess of 10,001 pounds. Indeed each, truck regularly driven by Plaintiffs were refrigerated and weighed a minimum of 26,000 pounds.

6. Additionally, each of the Plaintiff truck drivers also transported, for sale and commercial enterprise food product that was produced and/or manufactured and originated from vendors primarily out of the State of Florida.

7. Each of the Plaintiff truck drivers regularly picked up food product from Intermark's commercial customers (e.g., supermarkets), which was then brought to Intermark's warehouse before being transported to Intermark's vendors out of the State of Florida.

8. All of the food product purchased from all of Intermark vendors were pre-packaged by Intermark's out-of-state vendors and not modified by Intermark at any time upon or after reaching Intermark's warehouse.

9. Intermark's food products which were purchased from its out-of-state vendors were destined for and delivered to particular customers of Intermark's such as supermarkets and grocery stores, including but not limited to, Publix, Winn-Dixie, Sedanos and Presidente.

10. Intermark delivered dairy and other refrigerated food products to its customers that were perishable and usually of a reasonably short shelf-life.

11. Intermark's warehouse acts as a temporary storage facility or hub and is used to facilitate Intermark's distribution of pre-packaged and non-modified food products purchased primarily from out-of-state manufacturers and producers.

12. Defendants marketed their services to out-of-state customers and held itself out as an interstate carrier. Specifically, Defendants marketed their services to J & C Distribution, located in Marietta, Georgia, JP Trading Global Corp., located in Newark, New Jersey, Latin American Food Products, located in Indian Trail, North Carolina and Diego Restrepo located in Fairfield, California.
13. In performing their duties as truck drivers, Plaintiffs regularly drove Intermark's trucks on public streets, and highways including but not limited to Interstate 95, Interstate 75, and the Palmetto Expressway.
14. Each of the Plaintiffs were paid a weekly salary for all hours worked.

**FURTHER AFFIANT SAYETH NAUGHT.**

By: Maria Elena Hoy
MARIA IBANEZ, President of INTERMARK FOODS, INC.

**BEFORE ME**, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared Maria Ibanez, who is personally known to me or who produced the following identification:

I 152-545-53-788-1, and who deposes and says that the foregoing is true and correct.

**SWORN TO and SUBSCRIBED** before me this 30th day of November, 2016.

(SEAL)

YOENA PORTILLA
MY COMMISSION EXPIRES August 12, 2017
#FF 044623
Bonded thru Notary Public Underwriters
NOTARY PUBLIC, STATE OF FLORIDA

Name: YOENA PORTILLA
Notary Public, State of Florida
Commission or Serial No. FF 044623
My commission expires: 8-12-2017